IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY JOEL JUDY, ) | |
| 4711 Swason Loop, Apt. E ) | |
| North Ft. Myers, Florida 33917 ) | |
| ) | |
| Plaintiff, ) | Case No: |
| ) | |
| v. ) | |
| ) | |
| CHARLES PLAZA, L.L.C., ) | |
| 1110 Fideler Lane ) | |
| Silver Spring, MD 20910 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiff, Jeffrey Joel Judy, an individual, by and through his undersigned counsel, hereby files this Complaint and sues Arundel Mills Marketplace L.P., a Delaware Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant's principal office is located in Chevy Chase, Maryland.

3. Plaintiff, Jeffrey Joel Judy, ("Mr. Judy") is a resident of the State of Florida. However, Mr. Judy enjoys traveling to Baltimore to visit his relatives who reside in the area.

4. Mr. Judy is a qualified individual with a disability under the ADA. Mr. Judy was injured in a motorcycle accident and is paralyzed from the waist down. Mr, Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendant, Charles Plaza, L.L.C. ("Charles Plaza" OR "Defendant") is a Maryland Limited Liability Company with its principal office in Silver Spring, Maryland. Defendant is the record owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: the Property located at 222 North Charles Street, Baltimore, MD 21201. The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Maryland, Baltimore City County.

## COUNT I
### (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in paragraphs 1 – 7 above are incorporated by reference as if fully set forth herein.

9. The Charles Plaza, ("the Property") is a place of public accommodation, subject to the ADA, located at 222 North Charles Street, Baltimore, MD 21201.

10. Mr. Judy has visited the Property and plans to return to the Property in the near future.

11. During his visit, Mr. Judy experienced serious difficulty accessing the goods and utilizing

the services therein due to the architectural barriers discussed herein and in paragraph 14 of this Complaint.

12. Mr. Judy continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in paragraph 14 which still exist.

13. Mr. Judy plans to and will visit the Property once the barriers discussed in paragraph 14 and any other barriers have been removed.

14. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. These violations include, but are not limited to:

    A.    inaccessible routes to entries due to slopes, cross slopes, and lack of level landing at doors;

    B.    inaccessible ramps throughout the facility due to excessive slopes and lack of adequate handrails;

    C.    inaccessible restrooms due to inadequate sizing, lack of proper grab bars, lack of insulation on pipes, improper placement of fixtures;

    D.    inaccessible path of travel to lower level restrooms due to failure to provide a ramp at the stairs;

    E.    inaccessible checkout and service counters due to excessive heights throughout the property; and

   F. inaccessible tables and seating at eating areas and restaurants located at the property due to lack of knee and toe clearance, and improper table counter heights;

15. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney=s fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

  WHEREFORE, the Plaintiff demands judgment against CHARLES PLAZA and requests

the following injunctive and declaratory relief:

    A. That the Court declare that the Property owned and administered by Charles Plaza is in violation of the ADA;

    B. That the Court enter an Order directing Charles Plaza to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Charles Plaza to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow Charles Plaza to undertake and complete corrective procedures.

    D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,
KU & MUSSMAN, P.A.
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322

Fax: (305) 891-4512
*Attorneys for Plaintiff*

LOCAL COUNSEL

_____
Brien M. Penn (Fed Bar # 127313)
1200 G Street, N.W. Suite 800
Washington, DC 20005
410-914-7366
443-926-0589 (fax)
brien@brienpennlaw.com

6